# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Mireya Rocha, as Special Administrator for the Estate of Francisco Rocha, deceased, | ) ) ) |
| Plaintiff, | ) No. 15 CV 6303 ) ) Judge Wood |
| v. | ) ) |
| City of Chicago, et al. | ) ) |
| Defendants. | ) |

## DEFENDANT CITY OF CHICAGO'S 12(b)(6) MOTION TO DISMISS

Defendant City of Chicago, through Stephen R. Patton, Corporation Counsel for the City of Chicago, ("the City"), hereby moves this Court to dismiss Plaintiff Mireya Rocha's[1] *Monell* claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In support, the City states as follows:

## INTRODUCTION

The City was named as a defendant in this matter in an attempt to impose liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff's allegations, however, amount to nothing more than conclusory statements. These naked assertions are insufficient to state a claim under Rule 8 and, as a result, the *Monell* claim should be dismissed.

## BACKGROUND

Plaintiff's Complaint brings claims for Excessive Force, Failure to Intervene, Assault and Battery, *Respondeat Superior*, and Indemnification. Within Count I, Plaintiff inserted the following language:

---

[1] As Special Administrator for the Estate of Francisco Rocha, a deceased individual.

The misconduct described in this Count was undertaken under the policy and practice of the City of Chicago Police Department, for which City of Chicago Police Chief Gerald McCarthy is responsible, in that:

    a.    As a matter of both policy and practice, the City of Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b.    As a matter of both policy and practice, the City of Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading City of Chicago police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff. Specifically, City of Chicago police officers accused of excessive force can be confident that the City of Chicago Police Department will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

    c.    Generally, as a matter of widespread practice so prevalent as to compromise municipal policy, officers of the City of Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the City of Chicago and the City of Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d.    Village [sic] policy-makers are aware of, condone, and facilitate by their inaction a "code of silence" in the City of Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    e.    The City of Chicago Police Department has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.[2]

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Offering nothing more than "labels and conclusions or a formulaic recitations of the elements of a cause of actions will not do." *Iqbal*, 556 U.S. at 678. Neither will merely tendering "naked assertion[s] devoid of further factual enhancement." *Id.* Although the modern Rule 8 marks a departure from

---

[2] Plaintiff incorporates this same language without modification for Count II. *See Complaint* at ¶ 24.

the historical hyper-technical, code-pleading standard, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*

## ARGUMENT

The Court should dismiss Plaintiff's *Monell* claim levied against the City for failing to comply with the pleading standard set forth in *Iqbal*. To state a *Monell* claim post-*Iqbal*, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the municipality maintains the problematic policy or practice in question. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). This entails "provid[ing] some specific facts to support the legal claims asserted in the complaint" and must be "enough detail about the subject matter of the case to present a story that holds together." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). This standard is a sliding scale that requires more factual specificity for more serious levels of claims. *McCauley*. 671 F.3d at 616; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-05 (7th Cir. 2010). And only factual allegations can form the basis of this liability; conclusory statements and regurgitated legal elements are disregarded. *McCauley*, 671 F.3d at 618; *Iqbal*, 556 U.S. at 678-79.

In this matter, Plaintiff's Complaint puts forth a complex issue centering on a failure to train, supervise, and control members of the Chicago Police Department, including failing to adequately discipline police officers and condoning a "code of silence." Yet, Plaintiff asserts scarce factual support in support of that 'nebulous' natured claim despite a "relatively high level of factual specificity" required at the pleading stage. *Winchester v. Marketti*, 2012 WL 2076375 (N.D.Ill. June 8, 2011)(Dow, J.)(*applying* the failure-to-train standards set forth in *Connick v. Thompson*, 131 S.Ct. 1350 (2011)). Rather, Plaintiff's claim is nothing more than conclusory

3

allegations failing the post-*Iqbal* pleading standards. Thus, Plaintiff's *Monell* claim is deficient and should be dismissed pursuant to Rule 12(b)(6).

In the wake of *Iqbal* and *McCauley*, many courts within this district have dismissed similar deficient *Monell* claims for failing to meet the minimum requirements under Rule 8. 8. *See, e.g. Echezarreta v. Kemmeren*, 2013 WL 4080293 (N.D.Ill. Aug. 13, 2013)(Kapala, J.)(dismissing *Monell* claims because plaintiff did "not assert any additional facts to elucidate any 'customs' or 'practices'" but left the "claims unsupported and speculative in nature"); *Sheppard v. Village of Glendale Heights*, 2011 WL 6102012 (N.D.Ill. Dec. 5, 2011)(Holderman, J.)(dismissing a *Monell* claim for merely repeating conclusory allegations of racial and gender discrimination); *Annan v. Village of Romeoville*, 2013 WL 673484 (N.D.Ill. Feb. 25, 2013)(Kendall, J.) (dismissing *Monell* claims because plaintiff's "failure to allege any facts that would support the existence of a municipal policy); *Adedeji v. Cobble*, 2013 WL 449592 (N.D.Ill. Feb. 5, 2013)(Keys, J.); *Travis v. City of Chicago*, 2012 WL 2565826 (N.D.Ill. June 29, 2012)(Gottschall, J.)(dismissing *Monell* claim because Plaintiff failed to 'give enough details" about the alleged policy "to present a story that holds together"); *Smith v. Preston*, 2012 WL 698889 (N.D.Ill. Feb. 29, 2012)(Der-Yeghiayan, J.)(dismissing a *Monell* claim for failure to merely providing general allegations as to certain policies and practice); *Bowen v. Sullivan*, 2012 WL 2116121 (N.D.Ill. June 8, 2012)(Darrah, J.)(dismissing a *Monell* claim for "merely conclusory" allegations, among other reasons).

In particular, *Monell* allegations consisting of nothing more than boilerplate allegations absent factual backing have been dismissed for failing to state a claim. *See, e.g. Starks v. City of Waukegan*, 2013 WL 2243089 (N.D.Ill. May 21, 2013)(Feinerman, J.)(dismissing *Monell* claim because it was "nothing more than conclusory boilerplate."); *Kowalski v. County of DuPage*,

4

2013 WL 4027046 (N.D.Ill. Aug. 7, 2012)(Kocoras, J.)(plaintiff cannot provide merely boilerplate *Monell* allegations in order to proceed to discovery in hope of turning up evidence to support his accusations).

Three cases in particular stand out for having substantially similar conclusory *Monell* language. *Winchester*, 2012 WL 2076375; *Mikolon v. City of Chicago*, 2014 WL 7005257 (N.D.Ill. Dec. 11, 2014)(Shah, J.); and *Nowack v. Warner, et al.*, 2015 WL 3862729 (N.D.Ill. June 22, 2015)(Bucklo, J.).

In *Winchester*, the court found "[t]he precise pleading requirements for failure to train claims in the post-*Iqbal* world are not entirely clear. … [But] given its 'nebulous' nature, it would seem that a relatively high level of factual specificity is required at the pleading stage to make a failure to train claim facially plausible." 2012 WL 2076375 at *4. The court continued, "I cannot say precisely where the facial plausibility line should be drawn for post-*Iqbal* failure to train claims. But I can say with a fairly high degree of certainty – particularly in light of the Supreme Court's recent ruling in *Connick*, emphasizing the 'tenuous' nature of failure to train liability and the need to demonstrate a pattern of recurring constitutional violations – that this complaint falls short of that line." *Id*. In other words, a *Monell* failure-to-train claim rests on the higher level of the complexity scale, thus requiring more factual specificity to proceed to discovery. *Winchester*, 2012 WL 2076375 at *4. Other courts have followed suit. *See Manning v. Sweitzer*, 891 F.Supp.2d 961, 969 (N.D.Ill. July 2, 2012)(Bucklo, J.)(holding that plaintiff failed to allege a plausible failure-to-train claim either under the typical standard or one requiring a greater degree of specificity); *Adams v. Tortorello*, 2013 WL 4476626 (N.D.Ill. Aug. 20, 2013)(Guzman, J.)(dismissing failure to train, supervise, and equip claim with prejudice in light of *Connick*)

5

Similarly, in *Mikolon*, the court was presented with a similar situation as the one here; a plaintiff making a failure to train *Monell* claim based on a code of silence, failing to investigate civilian complaints, and failing to adequately discipline officers. 2014 WL 7005257, at *4-5. The court held that these "vague allegations" do not satisfy the *Monell* requirement post-*Iqbal* and do not suggest a "direct causal link" between the policy and the alleged misconduct. *Id.* Moreover, the lack of factual support for those allegations rendered them legal conclusions not entitled to a presumption of truth. *Id.* (*citing McCauley*, 671 F.3d at 616). And, in *Nowack*, the court was faced with *Monell* allegations that were "very similar" to those in *Mikolon*. 2015 WL 3862729, at *2-3. Finding *Mikolon* persuasive, the court found the plaintiff's allegations inadequate. *Id.*. Plaintiff's *Monell* allegations are readily comparable to those asserted in both *Mikolon* and *Nowack* – assertions deemed too conclusory to survive a 12(b)(6) motion to dismiss. Accordingly, the City's motion to dismiss should be granted.

Further, Plaintiff's "code of silence" allegation is similar to one rejected in *Johnson v. Cook County*, 526 Fed.Appx. 682, 2013 WL 2005236 (7th Cir. 2013). In *Johnson*, an inmate sought to hold Cook County for liable for a sexual assault by one of its employees under three possible theories. *Id.* at *3. Plaintiff first alleged Cook County should be held liable because of a widespread practice of allowing medical personnel to being alone with persons in custody. *Id.* Second, the plaintiff alleged Cook County failed to staff the jail properly knowing that it would increase the chances detainees would become victims of violence. *Id.* Third, Plaintiff alleged a so-called "code of silence" – that Cook County "encouraged the suppression of complaints of misconduct to cover up inadequacies in the supervision and treatment of detainees, thus maintaining an atmosphere and climate where inmates are subjected to an unreasonable risk of violence and sexual violence." *Id.* The Seventh Circuit held that the *Monell* claims were properly

6

dismissed at the pleading stage. *Id*. at *5. Each of these allegations did not, and could not, show that the alleged practice was the moving force behind the harm. *Id.* at *3-4. In particular, the Seventh Circuit held that "[e]ven if Cook County had a history of suppressing complaints – which it vigorously contests – that cannot be the moving force behind the sexual assault that occurred here. The link between the cause alleged and the harm that occurred is much too attenuated. … We are not convinced that any set of facts could support Johnson's allegations that Hill sexually assaulted Johnson as a direct result of a 'widespread custom or policy.'" *Id*. at 4.

The same reasoning should be applied here. Plaintiff alleges the City was passively allowing a code of silence to exist through inaction. That would be far more innocent than actively suppressing complaints – the alleged policy in *Johnson* that was deemed too attenuated for the county to be liable under *Monell*. 2013 WL 2005236, at *4. Similarly there is simply no set of facts that would allow Plaintiff to show that, even assuming such a code of silence existed, that code was the moving force behind any of the alleged unconstitutional behavior. Any proposed link would be too remote. Therefore, any *Monell* allegations based on a "code of silence" must be dismissed with prejudice.

Put a different way, Plaintiff asserts nothing more than the elemental buzzwords of a *Monell* claim: "moving force," "deliberate indifference," "widespread practice," "aware of, condone, and facilitate," and "failed to act." But simple recitation and regurgitation of *Monell* elements is not enough to allow Plaintiff past the pleading stage into discovery. *McCauley*, 671 F.3d at 616. Accordingly, Plaintiff has failed to state a claim under the *Iqbal*/*Twombly* standard and her *Monell* claim should be dismissed.

**CONCLUSION**

The Court should grant the City's Rule 12(b)(6) motion to dismiss Plaintiff's *Monell* claim. Plaintiff's allegations consist of nothing more than conclusory statements which is insufficient to state a claim under *Iqbal* and binding Seventh Circuit law. For that reason, Plaintiff's *Monell* claim cannot survive this Motion and should be dismissed.

Date: September 23, 2015

Respectfully submitted,

STEPHEN R. PATTON
Corporation Counsel of the City of Chicago

BY:
*/s/ Shawn W. Barnett*
Shawn W. Barnett
Assistant Corporation Counsel
30 N. LaSalle St., Suite 900
Chicago, IL 60602
(312) 744-9171
Atty No. 6312312

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that I filed the foregoing document with the Clerk of the Northern District of Illinois via the CM/ECF system. As a result, copies of this document were served on all attorneys of record for this matter.

*/s/ Shawn W. Barnett*