# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Mireya Rocha, as Special Administrator for the Estate of Francisco Rocha, deceased, | )<br>)<br>) |
| Plaintiff, | ) No. 15 CV 6303<br>)<br>) Judge Wood |
| v. | )<br>) |
| City of Chicago, et al. | )<br>) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Officers Ryan Sheehan ("Sheehan"), Maciej Prazmowski ("Prazmowski"), William Fashingbauer ("Fashingbauer"), Javier Rangel ("Rangel"), Carlos Cortes ("Cortes"), Edward Griffin ("Griffin"), Tina Sukalo ("Sukalo"), Roman Godnize ("Godinez"), Jason Sollis ("Sollis"), Martin Ryczek ("Ryczek"), Michael Mealer ("Mealer"), David McNaughton ("McNaughton") (collectively "Defendant Officers") and the City of Chicago ("City") through one of their attorneys, Dana M. Pesha, Assistant Corporation Counsel for the City of Chicago, hereby submit their Answer, Affirmative and Jury Demand to Plaintiff's First Amended Complaint.

### Introduction

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

**ANSWER:** Defendant Officers and the City admit that this action is brought under 42 U.S.C. § 1983, but deny the wrongdoing alleged herein.

### Jurisdiction and Venue.

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

**ANSWER:** Defendant Officers and the City admit the allegations contained herein.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

**ANSWER:** Defendant Officers and the City admit the allegations contained herein.

### Parties

4. On July 19, 2014, Plaintiff's decedent, Fernando Rocha, was a 41 year old resident of Chicago, Illinois. The Plaintiff was survived by his wife, Mireya Rocha and his three children: Ida Rocha, Francisco Rocha and Giselle Rocha. There are no assets in the Estate of Francisco Rocha other than the instant lawsuit, and Mireay Rocha is duly qualified to act as Special Administrator of the Estate of Francisco Rocha.

**ANSWER:** Upon information and belief, Defendant Officers and the City admit that Fernando Rocha was 41 and was a resident of Chicago, Illinois. Answering further, Defendant Officers and the City of Chicago lack knowledge or information sufficient to form a belief as to the truth of the remaining information contained in this paragraph.

5. Chicago Police Officer Ryan Sheehan, City of Chicago Police Officer Maciek Prazmowski, City of Chicago Police Officer William Fashbinder, City of Chicago Police Officer Javier Rangel, City of Chicago Police Officer Carlos Cortes, City of Chicago Police Edward Griffin, City of Chicago Police Officer Tina Sukalo, City of Chicago Police Officer Roman Godinez, City of Chicago Police Officer Jason Sollis, City of Chicago Police Officer Martin Ryczek, City of Chicago Police Officer Michael Mealer, City of Chicago Police Officer David McNaughton ("Chicago Police Officers"), are or were at all times relevant to the events at issue in this case, officers employed by the City of Chicago.

**ANSWER:** Defendant Officers and the City admit the allegations contained in this paragraph.

6. Defendant, as-of-yet unknown City of Chicago Police Officers ("Chicago Police Officers"), are or were at all times relevant to the events at issue in this case, officers employed by the City of Chicago.

**ANSWER:** Defendant Officers and the City lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. All of the Defendant Officers were at all times relevant acting under color of law and within the scope of their employment.

**ANSWER:** Defendant Officers and the City admit that the named Defendant Officers were at all relevant times acting under color of law and within the scope of their employment.

8. Defendant City of Chicago is an Illinois Municipal Corporation, and is or was the employer of Defendant Officers at the time of the events in issue.

**ANSWER:** Defendant Officers and the City admit that Defendant City of Chicago is an Illinois Municipal Corporation, and is or was the employer of the named Defendant Officers at the time of the events in issue.

**Factual Allegations**

9. On or about July 19, 2014 at approximately 2:00 p.m., Plaintiff's decedent was engaged in an altercation with one of his friends and his friend's brother at 4201 S. Richmond, Chicago, Illinois.

**ANSWER:** Defendant City and Defendant Officers Cortes, Griffin, Sukalo, Godinez, Sollis, Ryczek, Mealer and McNaughton, upon information and belief, admit that on July 19, 2014 at approximately 2:00 p.m. Plaintiff's decedent was engaged in an altercation at 4201 S. Richmond, Chicago, Illinois. Defendant Officers Sheehan, Prazmowski, Fashingbauer and Rangel admit that on July 19, 2014 at approximately 2:00 p.m. Plaintiff's decedent was engaged in an altercation at 4201 S. Richmond, Chicago, Illinois. The Defendant Officers and City lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10. At around 2:00 p.m., Chicago Police Officers came upon the scene and attempted to subdue the plaintiff's decedent, Fernando Rocha.

**ANSWER:** Defendant City and Defendant Officers Cortes, Griffin, Sukalo, Godinez, Sollis, Ryczek, Mealer and McNaughton, upon information and belief, admit that at approximately 2:00 p.m. Chicago Police Officers came upon the scene and attempted to subdue the plaintiff's decedent, Fernando Rocha. Defendant Officers Sheehan, Prazmowski, Fashingbauer and Rangel admit that at approximately 2:00 p.m. Chicago Police Officers came upon the scene and attempted to subdue the plaintiff's decedent, Fernando Rocha.

11. Chicago Police Officers witnessed the Plaintiff's decedent, Francisco Rocha, pleading for help, none of the Defendant Chicago Police Officers came to his aid.

**ANSWER:** Defendant City and Defendant Officers Cortes, Griffin, Sukalo, Godinez, Sollis, Ryczek, Mealer and McNaughton, upon information and belief, deny the allegations contained in this paragraph. Defendant Officers Sheehan, Prazmowski, Fashingbauer and Rangel deny the allegations in this paragraph.

12. As a result of this attack, Plaintiff's decedent, Francisco Rocha, suffered serious injuries which caused his death. During this attack, Plaintiff's decedent, Francisco Rocha feared for his life.

**ANSWER:** Defendant City and Defendant Officers Cortes, Griffin, Sukalo, Godinez, Sollis, Ryczek, Mealer and McNaughton, upon information and belief, deny that, during this attack, Francisco Rocha suffered serious injuries which caused his death. Defendant Officers Sheehan, Prazmowski, Fashingbauer and Rangel deny the allegations in this paragraph. The Defendant Officers and City lack knowledge or information sufficient to form a belief as to the truth of whether Francisco feared for his life.

### Count I – 42 U.S.C. § 1983
### Excessive Force

13. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:** The Defendant Officers and City incorporate their answers to each of the paragraphs in this complaint as if restated fully herein.

14. As described in the preceding paragraphs, the conduct of the Defendant Chicago Police Officers toward Plaintiff constituted excessive force in violation of the United States Constitution.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph.

15. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph.

16. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the Plaintiff's rights.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph.

17. As a result of the above-described wrongful infringement of Plaintiff's decedent's rights, Plaintiff's decedent was caused to expire and his family has suffered losses of both a personal and pecuniary nature, all to their damage.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph.

### Count II – 42 U.S.C. § 1983
### Failure to Intervene

18. Each Paragraph of this Complaint is incorporated as if restated herein.

**ANSWER:** The Defendant Officers and City incorporate their answers to each of the paragraphs in this complaint as if restated fully herein.

19. Defendant Officers had a reasonable opportunity to prevent each other from using excessive force against Plaintiff's decedent had they been so inclined, but they failed to do so.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph. Answering further the Defendant Officers deny excessive force was used.

20. As a result of the Defendant Officers' failure to intervene, Plaintiff's decedent was caused to expire and his family has suffered losses of both a personal and pecuniary nature.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph.

21. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to the rights of others.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph.

### Count III – State Law Claim
### Assault and Battery

22. Each foregoing Paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The Defendant Officers and City incorporate their answers to each of the paragraphs in this complaint as if restated fully herein.

23. As described more fully in the preceding paragraphs, the actions of the Defendant Officers created a reasonable apprehension of imminent harm and constituted offensive physical contact with Plaintiff's decedent, Francisco Rocha.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph.

24. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness and reckless indifference to the rights of others.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph.

25. As a result of the actions of the Defendant Officers, Plaintiff's sustained physical which ultimately caused his death, and his family has suffered losses of both a personal and pecuniary nature, all to their damage.

**ANSWER:** The Defendant Officers and the City deny the allegations contained in this paragraph.

### Count IV – State Law Claim
### Respondeat Superior

26. Each Paragraph of this Complaint is incorporated as if restated herein.

**ANSWER:** The Defendant Officers and City incorporate their answers to each of the paragraphs in this complaint as if restated fully herein.

27. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the City of Chicago, including its Police Department, acting at all relevant times within the scope of their employment.

**ANSWER:** The Defendant Officers and the City admit that at all times relevant the Defendant Officers were members and agents of the City of Chicago, including its Police Department, acting at all relevant times within the scope of their employment. Answering further, the Defendant Officers and the City deny the remaining allegations contained in this paragraph.

28. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:** The Defendant Officers and the City admit that the City of Chicago is liable as principal for all torts committed by its agents but deny that any torts were committed by the Defendant Officers.

### Count V – State Law Claim
### Indemnification

29. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** The Defendant Officers and City incorporate their answers to each of the paragraphs in this complaint as if restated fully herein.

30. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** The Defendant Officers and the City admit that Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities, but deny that any torts were committed by the Defendant Officers.

31. The Defendant Officers are or were employees of the City of Chicago Police Department, for which the City of Chicago is responsible, and acted within the scope of their employment in committing the misconduct described herein.

ANSWER: The Defendant Officers and the City deny the allegations contained in this paragraph.

## JURY DEMAND

Defendants demand a trial by jury for issues so triable.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that judgment be entered in its favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1. In the instant case the City of Chicago is entitled to immunity under 745 ILCS 10/2-109 of the Tort Immunity Act which states that a local public entity is not liable for any injury resulting from an act or omission of its employee where the employee is not liable.

2. The City of Chicago is not liable for Plaintiffs' attorneys' fees as "the law in Illinois clearly is that absent a statute or contractual agreement attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

3. As to the state law claims, at the time of the incident alleged in Plaintiff' complaint, the City of Chicago police officers who had contact with Plaintiff were City employees, namely police officers, who were engaged in the execution and enforcement of the law. Under the Tort Immunity Act, an employee or agent of the City is not liable for his acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2002). The acts and/or omissions of the above-mentioned police officers were not willful and wanton. Therefore, Plaintiff's state law claims must fail.

4. As to all federal claims, at all times during the events alleged in Plaintiff's Complaint, a reasonable police officer, objectively viewing the facts and circumstances then confronting the Defendant Officers during the incident which allegedly provides the basis for the present case, could have reasonably believed that the actions taken by him were objectively reasonable and were within constitutional limits that were clearly established at the time. The Officers are therefore entitled to qualified immunity.

5. Defendants are not liable for Plaintiffs' alleged state law claims because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. To the extent that any injuries or damages claimed by Plaintiffs against Defendants were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiffs, even if Defendants were liable in damages, the total amount of damages to which Plaintiffs would be otherwise entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton, and intentional conduct of Plaintiffs which were the proximate cause of their injuries. In addition, at

the time of the actions alleged in Plaintiffs' Complaint, Illinois statute 735 ILCS 5/2-1116 was in effect and reduces a Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a Plaintiff is more than 50 percent of the proximate cause of the injury or damage for which recovery is sought.

7. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs have a duty to mitigate their damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by a jury in this case.

8. Defendant City of Chicago is not liable to the Plaintiff if its agents, in this case are not liable to the Plaintiff. 745 ILCS 10/2-109.

9. Under the Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-1-2.

BY:
/s/ Dana M. Pesha
Dana Pesha
Assistant Corporation Counsel
30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
312.744.3982 (T)
dana.pesha@cityofchicago.org

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2015, I electronically filed the foregoing **Answer, Affirmative Defenses, and Jury Demand** using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Dana M. Pesha